# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LANCE KERSHAW, | : |
| Plaintiff, | : |
| v. | : Case No. 5:18-cv-00166-MTT-CHW |
| SHERIFF BRAD WHITE, *et al.*, | : |
| Defendants. | : |

## ORDER AND RECOMMENDATION

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Lance Kershaw, an inmate confined at the Lamar County Jail, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983 and requested to proceed without the prepayment of filing fees. For the following reasons, Plaintiff's Complaint is hereby **DISMISSED without prejudice**

### I. Preliminary Review of Plaintiff's Complaint

A. Standard of Review

Because Plaintiff is a pretrial detainee proceeding under Section 1983 and seeks to proceed *in forma pauperis* in this action, his Complaint is subject to screening under 28 U.S.C. §§ 1915(e) & 1915A which require a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.[1] When

---

[1]The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if

conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* complaint is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

To state a viable claim, the complaint must include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There must also be "enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the claim. *Id*. at 556. The claims cannot be speculative or based solely on beliefs or suspicions; each must be

---

the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002).

supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if "clearly baseless" or based upon "indisputably meritless" legal theories).

### B. Plaintiff's Allegations and Claims

The events underlying this Complaint occurred at the Lamar County Jail. Plaintiff states that he was recently "served process with divorce proceedings from his wife of 17 years." Amended Compl. 6, ECF No. 7. Due to deficiencies in the Lamar County Jail's law library and limitations to Plaintiff's ability to access the library, he was unable to properly research and respond to the pleadings filed in the divorce proceedings. *Id*. Plaintiff is permitted only 3 hours of legal research per week, and the jail employees are not trained in how to use the electronic law library. According to Plaintiff, this caused him to inadvertently "waive[] the statutory mediation hearing" because he was unable to "respond in a timely manner to the complaint for divorce filed by his wife." *Id*. Plaintiff further complains that the judge presiding over the divorce proceedings has failed to rule on Plaintiff's motion to secure his own appearance at the divorce proceedings, and his wife's attorney has filed for a "final hearing upon the complaint for divorce." *Id*.

Plaintiff additionally complains that the Lamar County Jail does not have a "formal grivance procedure for dispute resolution." *Id*. As a result, Plaintiff's grievances and "disputes" go unanswered and unresolved. *Id*. at 7. Also, the "water for inmate consumption and food preparation in the kitchen facility has a brown-orange tint to it with odor coming out of all facilities plumbing fixtures." *Id*.

> i. *First Amendment Access to Courts*

Plaintiff complains that his First Amendment rights were violated when he was denied adequate access to the prison law library and legal services. The Supreme Court has long recognized that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The states have a burden to ensure that this right remains unfettered and that the access be meaningful such that prisoners must have "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (quoting *Bounds*, 430 U.S. at 825). In order to successfully allege a constitutional violation based on a denial of access to the courts, however, a plaintiff must show actual harm or prejudice to that right. *Lewis*, 518 U.S. at 349 - 50. To satisfy the actual harm element of an access to courts claim, the complained of actions of the prison officials "must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998) (citing *Lewis*, 518 U.S. at 352-54). "This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right to access the courts must have impeded the inmate's pursuit of a nonfrivolous, post-

4

conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (citing *Bass*, 143 F.3d at 1554). The legal claim must relate to a direct appeal, habeas petition, or civil rights action. *Bass*, 143 F.3d at 1444.

Plaintiff complains that he is prevented from crafting "meaningful legal papers to respond in a timely manner" in his ongoing divorce proceedings. According to Plaintiff, he lost or waived the opportunity to "statutory mediation hearing" because he failed to file a timely response. Amended Compl. 6, ECF No. 7. Plaintiff's ability to secure mediation and draft better pleadings in his ongoing divorce proceedings does not concern a direct appeal, a habeas petition, or his civil rights. Plaintiff's allegations also do not suggest that Plaintiff's divorce proceedings implicate a fundamental human interest. Therefore, without more, Plaintiff's inability to litigate his divorce proceedings more effectively without additional library access does not plausibly state an actual injury. *See Sirbaugh v. Young*, 25 F. App'x 266 (6th Cir. 2001) (affirming dismissal of access to courts claim because inability to appeal division of property in divorce proceedings did not violate constitutional rights); *Loden v. Hayes*, 208 F. App'x 356 (5th Cir. 2006) (holding that there is no constitutional right to legal material to help with divorce proceedings); *Dopp v. W. Dist. Of Okla.*, 105 F. App'x 259, 260 (10th Cir. 2004) (holding that injury only with respect to civil divorce proceedings was not the kind of injury that meets the constitution's standing requirements). Rather, impairment of his litigation capacity "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355.

Moreover, Plaintiff has failed to connect the named Defendants to his alleged inadequate access to legal resources. Plaintiff named Sheriff Brad White, Major Leslie, Holmes, Captain Ron Buchanan, and the Lamar County Sheriff's Office as Defendants in this action. Plaintiff, however, does not allege that any Defendant was personally involved in denying Plaintiff access to legal resources, and his well plead factual allegations do not connect them to the alleged violation. Instead, Plaintiff alleges that these Defendants are charged with the day-to-day operations of Lamar County Detention Center, and that they either enforce or "set down" rules and procedures which govern the jail. Amended Compl. 6, ECF No. 7.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Instead, supervisory liability under § 1983 may be established "either when the supervisor personally participates in the allege unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Id*. An inmate can establish a causal connection by alleging,

> a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007) (quoting *Cottone*, 326 F.3d at 1360).

Plaintiff does not allege that these Defendants personally participated in the alleged deprivation, and he seeks to hold them liable based on a custom or policy. Plaintiff, however, has merely alleged that these Defendants are generally responsible for creating and enforcing jail policy. Plaintiff does not allege that they have a specific policy governing how often an inmate may use the legal library, identified any such policy, or alleged that Plaintiff is prevented from accessing the library pursuant to that policy. Plaintiff has not connected a custom or policy, even in conclusory terms, to the alleged limitations in access to legal resources he suffers and failed to plausibly allege that the named Defendants are casually linked to the violation of which he complains. Plaintiff, therefore, has failed to plausibly allege that an improper custom or policy established by Defendants resulted in deliberate indifference to his constitutional rights. Plaintiff has failed to state a First Amendment access to courts claim.[2]

        ii.        *Grievance Procedure*

Plaintiff also complains that the Lamar County Jail does not have a formal grievance procedure, which results in Plaintiff's grievances and complaints going unanswered. "Prisoners do not have a constitutional right to prison grievance procedures." *Heleva v.*

---

[2] To the extent that Plaintiff's Complaint could be construed to request that this Court interfere in the ongoing divorce proceedings, such relief is barred pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

*Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)); *Walker v. Mich. Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance proceures."); *Thomas v. Warner*, 237 F. App'x 435, 437 (11th Cir. 2007). It, therefore, follows that Plaintiff does not have a constitutional right to a formal two step grievance procedure at Lamar County Jail, and he does not have a constitutional right to receive a response to his grievances. Accordingly, Plaintiff's allegations that the Lamar County Jail grievance procedure is deficient does not state a claim for relief.

       *iii.*   *Fourteenth Amendment Conditions of Confinement*

Plaintiff's allegations that the water "for inmate consumption" and utilized in food preparation has a "brown-orange" tint implicates a claim arising under the Fourteenth Amendment. "The conditions under which pretrial detainees are held are reviewed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause applicable to convicted prisoners." *White v. Cochran*, 2017 WL 6492004, at *2 (11th Cir. 2017) (citing *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016)). The standard is the same under both amendments; prisoners and detainees must not be "deprive[d] . . . of the minimal civilized measure of life's necessities." *Groover v. Israel*, 684 F. App'x 782, 785-86 (11th Cir. 2017) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Inmates must be provided humane conditions of confinement, and "prison officials must ensure that inmates receive

adequate food clothes, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 536-27 (1984)). To state a claim for relief under either Amendment based on the conditions of an inmate's confinement "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir.2010) (quoting *Farmer,* 511 U.S. at 834).

Plaintiff alleges that the water used to prepare inmate food at Lamar County Jail is tinged orange, and a foul smell emanates from the jail's water taps. Plaintiff, however, has provided insufficient information to plausibly satisfy the objective prong of his conditions of confinement claim. Plaintiff does not allege that he has been forced to drink unsafe or unsanitary water nor that he has been prepared meals that are not safe to consume. Nor does Plaintiff allege that he has been exposed to contagions or dangers or that him or other inmates have been made sick by the water. To satisfy the objective prong, Plaintiff had to allege that the conditions "were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)). Therefore, absent even conclusory allegations that the water poses a risk to Plaintiff's health or safety, he has failed to plausibly allege that the conditions are sufficiently serious to satisfy Fourteenth Amendment standards.

Moreover, even if it can be inferred that the water at Lamar County Jail is unsafe and Plaintiff has been exposed to it, he failed to allege facts which causally connect any named Defendant to the alleged violation or show that any named Defendant was deliberately indifferent. Plaintiff is proceeding *pro se* and is not required to adhere to technical niceties, but he is required to "state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1990)). Additionally, "a prison official cannot be found liable under the Eight Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff failed to allege that any named Defendant is aware that the water is tinted, that the tinted water is used to prepare inmate meals, that inmates are required to drink the water, or that the drinking the water poses a health or safety risk. Accordingly, Plaintiff has failed to plausibly allege that any named defendant was deliberately indifferent and has failed to state a Fourteenth Amendment conditions of confinement claim.

### iv. Defendant Lamar County Sheriff's Office

"To have a cause of action pursuant to § 1983, the plaintiff must allege that a person deprived him of a federal or constitutional right and that the person was acting under color of state law." *Edwards v. Wallace Cmty. College*, 49 F.3d 1517, 1522 (11th Cir. 1995)

(citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Whether an entity has the capacity to be sued in a Section 1983 action "is determined by the law of the state in which the district court sits." *Falkner v. Monroe Cty. Sheriff's Dept.*, 523 F. App'x 696, 700 (11th Cir. 2013) (per curiam) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)); *Robinson v. Hogansville Police Dept.,* 159 F. App'x 137, 138 (11th Cir. 2005) (per curiam) ("Under Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued [is] be determined by the law of the state in which the district court is held."). Because the events underlying this action occurred in Georgia, Georgia law determines the capacity to be sued. Georgia recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam) (quoting *Georgia Insurers Insolvency Pool v. Elbert Cty.*, 258 Ga. 317 (1988)).

Plaintiff named the Lamar County Sheriff's Office as a Defendant in this action. "Sheriff's Departments and police departments are not usually considered legal entities subject to suit." *Dean*, 951 F.2d at 1214. Indeed, the Lamar County Sheriff's Office is not a natural person, an artificial person, or a quasi-artificial person recognized as being capable to sue. Under Georgia law, the Lamar County Sheriff's Office thus lacks the capacity to be sued. Consequently, Plaintiff has failed to state a claim against the Lamar County Sheriff's Office.

## II. **CONCLUSION**

Pursuant to the above, Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this 18th day of July, 2018.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT